# UNITED STATES DISTRICT COURT

for the
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America<br>v.<br><u>Kristopher Dean Putnam</u><br>*Defendant* | )<br>)<br>) Case No. 1:21-cr-00115-RP-1<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

On Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Analysis and Statement of the Reasons for Detention

X   **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)(E)** *(narcotics, firearm, other offenses)*:

There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. § 2252(a)(2).

**B. Conclusions Regarding Applicability of Any Presumption Established Above**
The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

### Part III – Other Reasons or Further Explanation

After considering the factors set forth in 18 U.S.C. § 3142(g), the Pretrial Services Report, and the evidence and arguments presented at the detention hearing, the Government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Over the past four years, Mr. Putnam repeatedly has failed to appear in state court as ordered and had his probation revoked. He also is subject to a lengthy period of incarceration if convicted. Considering the nature and circumstances of the offenses charged, the weight of the evidence, and the nature of the danger that would be posed by Defendant's release, the government also has proven by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. As he has not introduced sufficient evidence to rebut the presumption, Mr. Putnam's detention pending trial is required.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   September 17, 2021

Susan Hightower
United States Magistrate Judge