IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 1:21-CR-00115-RP |
| | § | |
| KRISTOPHER PUTNAM | § | |

**ORDER**

Before the Court is Defendant Counsel's (Bryan Owens) Motion to Withdraw From Representation of Defendant Kristopher Putnam, Dkt. 28. The District Court referred this motion to the undersigned magistrate judge for resolution pursuant to 18 U.S.C. § 3006A(b), 28 U.S.C. § 636(b)(1)(B), and Rule 44 of the Federal Rules of Criminal Procedure. Dkt. 29. This Court held a hearing on the motion on December 8, 2021. Prior to the hearing, counsel for the Government indicated that the Government did not oppose the relief sought. At the hearing, Defendant indicated that he, too, did not oppose his counsel's withdrawal, and requested that the Court appoint new counsel to represent him.

The motion states that Defendant's family has exhausted their financial resources and are unable to pay counsel's fee. Counsel further explained at the hearing that Defendant's family has insisted on further litigation related to his client's defense, but has been unwilling or unable to pay what they already owe him or anything further for this additional litigation. At the hearing, Defendant averred that he had no assets and no income with which to pay Mr. Owens or retain new counsel. Mr. Owens contends that this situation has created an irreconcilable

difference with his client, would impose an unreasonable financial burden on counsel, and would adversely affect his ability to defend his client's case, all of which counsel contends constitute grounds for withdrawal under the Texas Rules of Professional Conduct. Based on the foregoing, the Court will permit the withdrawal of Mr. Owens and appoint new counsel.

IT IS THEREFORE ORDERED that the Motion, Dkt. 28, is GRANTED. Mr. Owens is permitted to WITHDRAW as counsel for Defendant. And, having concluded that Defendant qualifies for court-appointed representation, the Court will appoint new counsel for Defendant in a separate order. The Court FURTHER ORDERS that once new counsel is appointed that Mr. Owens meet with the new counsel at the earliest opportunity to give the new counsel a copy of the file and bring him or her up-to-date with regard to the representation of Defendant. Thereafter, Mr. Owens has no further responsibilities in this case.

SIGNED December 8, 2021.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE